IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **FIELD SANITATION SOLUTIONS, INC. et al.,**<br>       Plaintiffs,<br><br>vs.<br><br>**HANSEN ENERGY & ENVIRONMENTAL, LLC et al.,**<br><br>       Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No.  2:08CV186 DAK |

      This matter is before the court on Defendants Hansen Energy and Environmental, LLC, Conly Hansen, Carl S. Hansen, Jaron C. Hansen, and Jason Miller's ("Defendants") Motion to Dismiss.  A hearing on the motion was held on July 21, 2008.  At the hearing, Defendants were represented by James Belshe, and Plaintiffs Field Sanitation Solutions, Inc., Faith Unlimited, Inc., and Charles W. Kallman ("Plaintiffs") were represented by Todd Zenger.  Before the hearing, the court carefully considered the memoranda and other materials submitted by the parties.  Since taking the matter under advisement, the court has further considered the law and facts relating to this motion.  Now being fully advised, the court renders the following Memorandum Decision and Order.

      Plaintiffs have asserted fourteen causes of action against Defendants, all of which arise under state law, except for the Ninth Cause of Action, which arises under the Lanham Act.  In this motion, Defendants claim that Plaintiffs have failed to state a Lanham Act claim, and

therefore, the court should dismiss the Ninth Cause of Action.  Further, Defendants argue that because the remaining claims arise under state law, the court should decline to exercise its supplemental jurisdiction over the remaining claims and dismiss them without prejudice.

With regard to their purported Lanham Act claim, Plaintiffs contend that the acts of Defendants and their agents have caused third parties to believe that the "Waste Technology"[1] at issue here has its origin in, is to be affiliated with, and/or was developed by Defendants.  They further allege that the statements by Defendants and their agents to third parties that the Waste Technology has its origin, is to be affiliated with and/or was developed by Defendants are false and misleading statements and representations of fact.

Defendants, on the other hand, contend that this Lanham Act claim fails to identify any unfair competition contemplated by the Lanham Act, 15 U.S.C. § 1125(a).  Defendants' primary argument is that the existence of a good or service for which protection is sought is a pre-requisite for a Lanham Act claim, and Plaintiffs have failed to identify a good or service that is currently offered by Plaintiffs.  Instead, Defendants contend, Plaintiffs claim to have "developed a **concept**" known as the "Waste Technology" for which a patent application has been filed, but no patent has been granted.  In addition, Plaintiffs assert only that "Kallman **sought** to name the Waste Technology with the brand name Chemisan TM." [*See* Complaint ¶22 (emphasis added).]

Defendants also claim that Plaintiffs do not assert in the Complaint that Defendants

---

[1] Defendants note that "Waste Technology" as referred to in the Complaint is not specifically defined, "thus precluding Defendants from being able to properly respond."

actually have a good or service.  Rather, Plaintiffs allege that Defendants merely "**sought** to develop commercial products based upon the Waste Technology" [*see* Complaint ¶44 (emphasis added)] and that Defendants have "thwarted the efforts of the FSS Parties to complete the design and production of viable products."  [*See e.g.* Complaint ¶ 55, 63, 71 and 78.]

According to Defendants, the Complaint is simply deficient in alleging a Lanham Act claim because it fails to allege that a product/good or service actually exists and fails to allege any false statements regarding the origin or endorsement of same.  *See Hutchinson v. Pfeil,* 211 F.3d 515, 520 (10th Cir. 2000) (holding that the plaintiff lacked standing because his hopes of eventually obtaining a product to compete with the defendant's were too remote, and his inability to compete with the defendant was not a function of the defendant's alleged misconduct).

Moreover, Defendants further argue that the United States Supreme Court in *Dastar Corp. v. Twentieth Century Fox Film Corporation* limited a "reverse passing off" claim of the Lanham act to the actual producer of the good or service, thus removing undeveloped technology from protection under the Lanham Act.  *Dastar*, 539 U.S. 23 (2003).   The *Dastar* Court stated that "[i]n sum, reading the phrase "origin of goods" in the Lanham Act in accordance with the Act's common-law foundations (which were not designed to protect originality or creativity), and in light of the copyright and patent laws (which were), *we conclude that the phrase refers to the producer of the tangible goods that are offered for sale, and not to the author of any idea, concept, or communication embodied in those goods*.  *Id.* at 37 (emphasis added).

Defendants argue that since *Dastar*, courts have required plaintiffs to plead that the defendant took the plaintiff's actual, physical good and repackage it as the defendant's own.  *See*

3

*General Universal Systems, Inc. v. Lee*, 379 F.3d 131, 149 (5th Cir. 2004) ("[Plaintiff] has not accused [defendant] of taking tangible copies of its software, removing its trademarks, and selling them as its own."); *Bob Creeden & Associates, Ltd. v. Infosoft, Inc.*, 326 F. Supp. 2d 876, 880 (N.D. Ill. 2004) (finding that an allegation that defendant tried to sell plaintiff's software is not equivalent to alleging that defendant took plaintiff's software and merely repackaged it as its own); *Tao of Systems Integration, Inc. v. Analytical Services & Materials, Inc.*, 299 F. Supp. 2d 565, 572 (E. D. Va. 2004) ("To state a claim for reverse passing off, [plaintiff] must allege that the actual goods provided [by defendant] were in fact produced by [plaintiff], or the actual services provided [by defendant] were in fact performed by [plaintiff]"). In the case at bar, Defendants argue that Plaintiffs have failed to assert that Defendants took Plaintiffs' actual, physical good and repackaged it as Defendants' own.

In addition to relying on *Dastar*, Defendants also rely heavily on the case of *Tao of Systems Integration*, in which the court addressed a scenario similar to the case at bar. 299 F. Supp. 2d 565. In *Tao*, the defendant executed several agreements with the plaintiff assigning certain patents and rights and obligations of performance under certain contracts. The defendant later filed a proposal for a service contract with a third company. The plaintiff received a copy of the proposal and filed a Complaint, alleging that the defendant had taken credit for "expertise and capabilities" belonging to the plaintiff. The defendant filed a motion to dismiss for failure to state a claim.

The *Tao* court dismissed the claim because "the proposal . . . is not a good or service." *Id*. at 572. The court further stated that even if the proposal arguably was a good or service, the

claim would still be dismissed because the plaintiff did not allege that he was the actual producer of the proposal. *Id*. The court stated that the plaintiff appeared to claim that the defendant had incorporated ideas or concepts that belonged to the plaintiff in the defendant's proposal. *Id*. This claim, however, is "precisely the type of allegation which the Supreme Court rejected as the basis for a reverse-passing-off claim in *Dastar*." *Id*.

Plaintiffs do not dispute Defendants' characterization of the law, including the allegations necessary to properly state a Lanham Act claim. Rather, Plaintiffs essentially argue that they have indeed stated a claim and/or that they could state a claim if given the opportunity to amend their Complaint.

In light of *Dastar*, *Tao of Systems Integration*, and other cases cited by Defendants, the court agrees with Defendants that Plaintiffs have not stated a Lanham Act claim. The First Amended Complaint does not allege that Defendants took a tangible product or actual service owned or performed by Plaintiff and packaged it as Defendants' own. If, after considering the requirements set forth in the above cases and the facts at issue in the instant case, Plaintiffs believe they are able to state a proper Lanham Act claim, they are granted leave to do so. If Plaintiffs file a Second Amended Complaint, it must be filed by no later than September 5, 2008.

## CONCLUSION

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss Plaintiffs' Ninth Cause of Action [docket # 7] is GRANTED. The Ninth Cause of Action is DISMISSED without prejudice, and Plaintiffs are granted leave to file a Second Amended Complaint to re-allege their Ninth Cause of Action and any supporting

allegations pertaining to their Lanham Act claim, provided that they do so by no later than September 5, 2008.

DATED this 20th day of August, 2008.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge