IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **GLOBAL SANITATION SOLUTIONS, INC. et al.,**<br>　　　　　　　Plaintiffs,<br><br>vs.<br><br>**HANSEN ENERGY & ENVIRONMENTAL, LLC et al.,**<br>　　　　　　　Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No.  2:08CV186 DAK |

　　　　　This matter is before the court on Defendants Hansen Energy and Environmental, LLC, Conly Hansen, Carl S. Hansen, Jaron C. Hansen, and Jason Miller's ("Defendants") Second Motion to Dismiss.  A hearing on the motion was set for January 13, 2009, but Plaintiffs' counsel did not appear for the hearing.   James Belshe and Seth Black appeared for Defendants.   Because Plaintiffs' counsel were not present, the court announced that it would decide the motion on the briefs.   The court has carefully considered the memoranda and other materials submitted by the parties.  Now being fully advised, the court renders the following Memorandum Decision and Order.

　　　　Pursuant to leave granted by the court, Plaintiffs have amended their Complaint twice in an attempt to allege a viable Lanham Act claim, which they have asserted in their Ninth and Tenth Claims for Relief.  Defendants filed a Motion to Dismiss the Second Amended Complaint on September 12, 008.   Without leave of court, Plaintiffs then filed a Third Amended

Complaint, along with an Opposition Memorandum. Defendants then filed a Reply Memorandum, which addressed the changes made in the Third Amended Complaint.

For the reasons stated by Defendants, the court agrees Plaintiffs still have not set forth a viable Lanham Act in their Second or Third Amended Complaints. Although Plaintiffs have now alleged that they have an actual product, they have failed to alleged that Defendants have taken that product and repackaged it as their own. Such an omission is fatal under *Dastar Corp. v. Twentieth Century Fox Film Corporation* 539 U.S. 23 (2003) and its progeny. *See*, *e.g.*, *General Universal Systems, Inc. v. Lee*, 379 F.3d 131, 149 (5th Cir. 2004) ("[Plaintiff] has not accused [defendant] of taking tangible copies of its software, removing its trademarks, and selling them as its own."); *Bob Creeden & Associates, Ltd. v. Infosoft, Inc.*, 326 F. Supp. 2d 876, 880 (N.D. Ill. 2004) (finding that an allegation that defendant tried to sell plaintiff's software is not equivalent to alleging that defendant took plaintiff's software and merely repackaged it as its own); *Tao of Systems Integration, Inc. v. Analytical Services & Materials, Inc.*, 299 F. Supp. 2d 565, 572 (E. D. Va. 2004) ("To state a claim for reverse passing off, [plaintiff] must allege that the actual goods provided [by defendant] were in fact produced by [plaintiff], or the actual services provided [by defendant] were in fact performed by [plaintiff]"). Accordingly, Plaintiffs Lanham Act claims must be dismissed for failure to state a claim.

In addition, Plaintiffs do not dispute that the remaining claims are all state-law claims. The court declines to exercise supplemental jurisdiction over those claims. Accordingly, they are dismissed without prejudice.

## CONCLUSION

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that Defendants' Second Motion to Dismiss [docket # 21 ] is GRANTED.   The Ninth and Tenth Causes of Action are DISMISSED with prejudice.   The remaining claims are DISMISSED without prejudice.

DATED this 14th day of January, 2009.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge